UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00889-JLS-DFM            Date: May 22, 2020
Title: Intermarketing Media, LLC et al. v. Brent David Barlow et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                    Not Present

**PROCEEDINGS:** (IN CHAMBERS) ORDER (1) DENYING PLAINTIFFS' *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER WITH EXPEDITED DISCOVERY AND OTHER EQUITABLE RELIEF, AND (2) SETTING HEARING ON ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION (Doc. 10)

     Before the Court is an *Ex Parte* Application for Temporary Restraining Order with Expedited Discovery, Other Equitable Relief, and Order to Show Cause Why Preliminary Injunction Should Not Be Issued filed by Plaintiffs Intermarketing Media, LLC dba Resort Advisory Group, Law Offices of David Alan Klein, and David Alan Klein, Esq. (App., Doc. 10.) Defendant Brent David Barlow untimely opposed, purporting to represent all Defendants. (Opp'n, Doc. 14.) Having considered the parties' papers, the Court DENIES Plaintiffs' Application as to their request for temporary restraining order with expedited discovery and other equitable relief but ORDERS the parties to show cause why a preliminary injunction should not issue.

     **I.**     **Temporary Restraining Order**

    "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). Like a preliminary injunction, a temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To "justify ex parte relief . . . the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00889-JLS-DFM                                               Date: May 22, 2020
Title: Intermarketing Media, LLC et al. v. Brent David Barlow et al.

*Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  Further, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id*.

     First, the Court is concerned with the sufficiency of notice of the Application given to Defendants other than Barlow and the corporate Defendants associated with him.  Other than Barlow and the corporate Defendants associated with him, Plaintiffs have named eighteen individual Defendants in this action.  In two declarations, Plaintiffs indicate that on May 18, 2020—the same day they filed the Application seeking immediate relief—they placed a number of phone calls to the individual Defendants—some successful, some not—in an attempt to give them notice of the then-forthcoming Application.  (*See* Alemi Decl. ISO App., Doc. 10-15; Urner Decl. ISO App., Doc. 10-16.)  But Plaintiffs' representation that they also electronically served the relevant documents on those Defendants (*see* Alemi Decl. ¶ 5; Urner Decl. ¶ 7) does not contain enough information from which the Court may determine that Plaintiffs' attempts at electronic service were sufficient.  It appears that some of these defendants reside in other states, and, so far, not a single individual Defendant, other than Barlow, has entered an appearance in this matter.[1]  Taken together, these issues lead the Court to believe that other individual Defendants may not have received sufficient notice of the contents of the Application.  Accordingly, plaintiffs are ORDERED to serve the operative Complaint and all Application papers on all Defendants **forthwith** and then file proofs of service with the Court.

     Second, having carefully examined the Application and accompanying materials, the Court finds that Plaintiffs have failed to show an emergency that necessitates the issuance of a temporary restraining order before holding a regularly noticed hearing on a preliminary injunction.  Much of the conduct Plaintiffs complain of occurred over the course of the last nine months.  (*See, e.g.*, Ex. 3 to Am. Coml., Doc. 9-3 at 1 (dated

---

[1] While Barlow represents in his Opposition that he files it "on behalf of all defendants," the caption portion contradicts that representation:  there, Barlow identifies himself as "Attorney for Brent David Barlow, Pro Per."  (*See* Opp'n at 1.)  Nor has Barlow entered any formal appearance on behalf of any other individual Defendant.  The Court has grave concerns as to the veracity of Barlow's representation that his filing was on behalf of all defendants and fully expects him to clarify in any future filings with the Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00889-JLS-DFM  Date: May 22, 2020
Title: Intermarketing Media, LLC et al. v. Brent David Barlow et al.

August 28, 2019).) Plaintiffs' delay in filing this Application belies their claim of irreparable harm requiring emergency relief.

## II. Preliminary Injunction

The Court ORDERS the parties to show cause why a preliminary injunction should not issue. The Parties are ORDERED to appear for a hearing **on August 21, 2020, at 10:30 a.m.** The Court will consider the memorandum attached to Plaintiffs' Application as their opening brief in support of a preliminary injunction. Any Opposition by Defendants or reply by Plaintiffs must be timely filed in accordance with the Local Rules for the Central District of California.[2] Other than as permitted herein, no additional submissions are permitted absent a written order from the Court.

Initials of Preparer: _____

---

[2] Although Defendant Barlow has already filed an opposition, he failed to address either the standard for issuing a temporary restraining order or the merits of Plaintiffs' Application, instead advancing a quasi-indecipherable argument about Article III standing. Accordingly, Barlow may file a new opposition pursuant to the schedule set forth in the Local Rules and should focus on the relevant standard for issuance of a preliminary injunction.