**THE ALTMAN LAW GROUP**
Bryan C. Altman (SBN 122976)
10250 Constellation Blvd. Suite 2500
Los Angeles, CA 90067
Telephone: (310) 277-8481
Fax: (310) 277-8483
bryan@altmanlawgroup.net

**LAW OFFICES OF WILIAM I. ROTHBARD**
William I. Rothbard (SBN 72447)
2333 Canyonback Rd.
Los Angeles, CA 90049
Telephone: (310) 453-8713
Email: Bill@Rothbardlaw.com

Attorneys for Plaintiffs
Intermarketing Media, LLC d/b/a
Resort Advisory Group, Law Offices of David Alan Klein,
and David Alan Klein, Esquire

### UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERMARKETING MEDIA, LLC, a Wyoming limited liability company dba RESORT ADVISORY GROUP; LAW OFFICES OF DAVID ALAN KLEIN, P.C.; and DAVID ALAN KLEIN, ESQUIRE,<br><br>Plaintiffs,<br><br>vs.<br><br>BRENT DAVID BARLOW, an individual; BARLOW & ASSOCIATES, a law firm; COOPERATIVE DISPUTE RESOLUTION SOCIETY (unknown entity type/location); PHOENIX INVESTMENTS ALLIANCE, LLC, a limited liability company; ATTFUND (unknown entity type/location); CASE IN CHIEF LLC, a California Limited | CASE NO.: 8:20-cv-00889 JLS (DFMx)<br><br>PLAINTIFF'S APPLICATION FOR LEAVE TO FILE DOCUMENTS RELATED TO APPLICATION FOR TEMPORARY RESTRAINING ORDER AND COMPLAINT UNDER SEAL<br><br>[Proposed Order Filed Concurrently] |

**PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL**
1

| | |
|---|---|
| 1 | Liability Company; JOHN PRESSNEY, ) |
| 2 | PAMELA PRESSNEY, HERMAN ) |
|   | ABEL, DEBORA ABEL, MORRIS ) |
| 3 | HANNAH, VIRGINIA HANNAH, LEE ) |
|   | HARRIS TURK, BERNARDO ) |
| 4 | BETTINELLI, CAROL BETTINELLI, ) |
| 5 | LARI CASTLE, GILBERT CASTRO, ) |
|   | EVA CASTRO, PAUL MARTNEZ, ) |
| 6 | RENEE MARTINEZ, ROBERT ) |
| 7 | ZIMMERMANN, MARY |
|   | ZIMMERMAN, GLENN PERLEY AND |
| 8 | CONNIE PERLEY, each an individual, |

             Defendants.

2

**PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Central District Civil Local Rules 7-11 and 79-5, Plaintiffs Resort Advisory Group, Law Offices of David Alan Klein, and David Alan Klein, Esq. respectfully requests to file under seal portions of the exhibits attached to both the Temporary Restraining Order (Dkt. 10) and Amended Complaint (Dkt. 9). Specifically, Plaintiffs are requesting an order granting leave to file under seal the documents as listed and identified below. Both of the above documents contain the same exact document to be redacted, including the same page order and total number of pages, with the only difference being the referenced exhibit number in the respective document.

**Document 1**: Attachment 8 to Amended Complaint, Dkt. 9.

**Document 2**: Attachment 14 to Temporary Restraining Order, Dkt. 10.

The following portions or pages of the above two documents are requested to be filed under seal:

a. Pages 2, 3: in their entirety, or alternatively, the highlighted portions.

b. Page 4: identifying information only, highlighted.

c. Pages 7, 8: in their entirety, or alternatively, the highlighted portions.

d. Page 9: identifying information only, highlighted.

e. Pages 11, 12: in their entirety, or alternatively, the highlighted portions.

f. Page 13: identifying information only, highlighted.

g. Pages 15, 16: in their entirety, or alternatively, the highlighted portions.

h. Page 17: identifying information only, highlighted.

3

**PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL**

      i. Pages 19, 20: in their entirety, or alternatively, the highlighted portions.

      j. Page 21: identifying information only, highlighted.

      k. Pages 28, 29: in their entirety, or alternatively, the highlighted portions.

      l. Page 30: identifying information only, highlighted.

      m. Pages 32, 33: in their entirety, or alternatively, the highlighted portions.

      n. Pages 35, 36: in their entirety, or alternatively, the highlighted portions.

      o. Page 37: identifying information only, highlighted.

      p. Pages 40, 41: in their entirety, or alternatively, the highlighted portions.

      q. Page 42: identifying information only, highlighted.

      r. Pages 44, 45: in their entirety, or alternatively, the highlighted portions.

      s. Page 46: identifying information only, highlighted.

      t. Pages 48, 49: in their entirety, or alternatively, the highlighted portions.

      u. Page 50: identifying information only, highlighted.

      v. Pages 52, 53: in their entirety, or alternatively, the highlighted portions.

      w. Page 54: identifying information only, highlighted.

      x. Pages 61, 62: in their entirety, or alternatively, the highlighted portions.

      y. Page 63: identifying information only, highlighted.

In support of this request, Plaintiffs submit this Application, the Declaration of Christopher Urner, Esq., and a proposed order, which together establish compelling reasons to protect the confidentiality of the information contained in the documents Plaintiff wishes to seal.

**PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL**

## I.   Legal Standard

Civil Local Rule 79-5 requires that a party seeking sealing "establish that the document, or portions thereof, are privileged, protected as a trade secret, or otherwise entitle to protection under the law" (i.e., is "sealable").  Civil Local Rule 79-5(b). The sealing request must also be "narrowly tailored to seek sealing only of sealable material." (*Id.*)

## II.   Argument

The Court should seal the documents identified and described by Plaintiffs above. The Ninth Circuit requires that a party requesting documents to be sealed must show a "compelling reason" to submit the documents under seal. (See *In re Elec. Arts, Inc*. (9th Cir. 2008) 298 F. App'x 568, 570; *Kamakana v. City & Cty. of Honolulu* (9th Cir. 2006) 447 F.3d 1172, 1178.) In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. (*Kamakana, Id. at* 1175.)

A "lesser 'good cause' standard exists for sealing documents [where] those documents are unrelated, or only tangentially related, to the underlying cause of action." (*Oliner v. Kontrabecki* (9th Cir. 2014) 745 F.3d. 1024, 1026.) (Cited by *Mendoza v. Lizarraga* (E.D. Cal. May 28, 2015, No. 2:98-cv-2150 MCE GGH) 2015 U.S. Dist. LEXIS 69306, at *4.) In such a situation, undue embarrassment may be a cause for sealing records. (*Kamakana*, supra, 447 F.3d at 1179-80.) (*Id*.)

The information sought to be sealed falls squarely within the boundaries above. The information sought to be sealed or redacted relates to false allegations made by one or more of the Defendants to the state bars of Pennsylvania and New Jersey as a method of purposely promoting a public scandal and to intentionally circulate libelous statements in furtherance of a conspiracy to extort money from Plaintiffs.

The underlying claims are generally not publicly available because they have not been evaluated or acted on in any way by the state bars of Pennsylvania or New Jersey. The public docketing of this material is unnecessarily embarrassing to Plaintiff Klein and capable of permanently damaging his hard-earned reputation if disseminated prior to being heard on the merits. It also increases defendants' ability to further tarnish and defame Plaintiff by virtue of these baseless complaints being available to the public.

In addition, the information being sought to be sealed or redacted is additional evidence of Defendants' extortion and is tangentially related to the causes of action, none of which involves attorney misconduct by Attorney Klein. In fact, to the contrary, Attorney Klein has virtually no nexus with any of the Defendants, as he does not provide, and never has provided, timeshare resolution services in any state and performs only internal general business legal work directly for Resort Advisory Group and not their customers. It was Defendants who elected to intentionally and vindictively target him as part of their illegal scheme to extort that brought him into this lawsuit, and the illegal fruits of their labor (i.e. fabricated claims used in an extortion plot) should be excluded from further public dissemination where the prejudice, embarrassment, and harm to Attorney Klein substantially outweighs the public interest in open courts and hearings. This is precisely the reasons the court used in supporting the decision to seal attorney misconduct allegations in *Mendoza v. Lizarraga*, supra, and it is the correct and just cause of action to take in this case.

Lastly, disciplinary officials in New Jersey are required by Rule 1:20-9(h) to maintain the confidentiality of the investigation process and further state to the complainant that "unless a formal complaint is issued and served, you must also keep confidential any documents you may receive during the course of the investigation." (OAE 03/06 – CN 10952, p. 2, Section F., "Investigative Confidentiality"). Pennsylvania ethics complaints are also confidential, and unless a public reprimand or formal action is taken, remain confidential, as well. Arguably, the confidential

grievance forms, with details about particular allegations not yet the subject of any issued and served formal complaint, fall within this required confidentiality as a protected document. On this second basis as well, Plaintiffs respectfully request this court to allow leave to file by seal to comply with the confidentiality requirements and prevent unwarranted damage to the name and reputation of Attorney Klein.

Because of the time-sensitive nature of the continual threats from, and damage being caused by Defendants to Plaintiffs on a weekly basis, Plaintiffs urgently needed to file their Complaint and application for Temporary Restraining Order prior to seeking leave to seal exhibits to the case. Now that the preceding two documents have been filed, Plaintiffs respectfully request this Court to grant leave to amend the documents above to be filed under seal.

### III. Conclusion

In compliance with Civil Local Rule 79-5(d), redacted and proposed unredacted versions (via yellow highlighting) of the above listed documents accompany this Administrative Application. For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion.

DATED: May 22, 2020                     THE ALTMAN LAW GROUP


BY:____/s/ Bryan C. Altman_____
BRYAN C. ALTMAN



BY:___/s/ William I. Rothbard_____
WILLIAM I. ROTHBARD

Attorneys for Plaintiffs ResortAG Intermarketing Media, LLC d/b/a Resort Advisory Group, Law Offices of David Alan Klein, and David Alan Klein, Esq.

**PLAINTIFFS' APPLICATION FOR LEAVE TO FILE UNDER SEAL**