UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00889-JLS-DFM                                              Date: May 28, 2020
Title: Intermarketing Media, LLC et al. v. Brent David Barlow et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                  Not Present

**PROCEEDINGS:**   **(IN CHAMBERS) ORDER DENYING PLAINTIFFS' APPLICATION TO FILE DOCUMENT RELATED TO APPLICATION FOR TEMPORARY RESTRAINING ORDER AND COMPLAINT UNDER SEAL (Doc. 16)**

Before the Court is Plaintiffs' Application to File Document Related to Application for Temporary Restraining Order and Complaint Under Seal.  (App., Doc. 16.)

Central to this action are Plaintiffs' claims that Defendants are seeking to extort Plaintiffs and destroy their reputation by filing frivolous civil, criminal, and State Bar complaints against them.  Plaintiffs attached Defendants' various complaints as exhibits to Plaintiffs' Complaint (Doc. 1), Amended Complaint (Doc. 9), and Application for Temporary Restraining Order (Doc. 10).  Having filed these documents multiple times, Plaintiffs now seek to seal the exhibits that comprise State Bar complaints on the grounds that the documents are not generally available and their contents are embarrassing to Plaintiff David Alan Klein.  Because the allegations contained in the State Bar complaints—and their existence more generally—are "more than tangentially related to the merits of the case, the compelling reasons standard governs the sealing request." *Ojmar US, LLC v. Sec. People, Inc.*, No. 16-CV-04948-HSG, 2016 WL 6091543, at *2 (N.D. Cal. Oct. 19, 2016) (quoting *Sjostrom v. Kraatz*, No. 16-CV-01381-DMR, 2016

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00889-JLS-DFM                                      Date: May 28, 2020
Title: Intermarketing Media, LLC et al. v. Brent David Barlow et al.

WL 3940886, at *2 (N.D. Cal. July 21, 2016)); *see also* C.D. Cal. R. 79-5.2.2(a)(i). The Court concludes that Plaintiffs do not meet that standard.[1]

While the State Bar complaints are not generally publicly available, that does not necessarily translate into compelling reasons to seal them in the context of this action. First, Plaintiffs do not point to any obligation *they* had to maintain the documents' confidentiality. Rather, they note that "*disciplinary officials in New Jersey*[, one of the two states in which the State Bar complaints were filed,] are required . . . to maintain the confidentiality of the investigation process." (App. at 6 (emphasis added).) Presumably, that is for the benefit of the subject of the complaints—here, Plaintiff Klein. Hence, Plaintiffs can waive any protection allegedly afforded by the New Jersey State Bar rule. And the Court concludes that Plaintiffs have done just that. Second, even if the State Bar complaints are not generally publicly available, Plaintiffs seek to seal just those complaints without explaining why they are not bothered by the presence of the same information in other exhibits they attached to their various filings—criminal complaints, emails, and social media posts that contain the same allegations. (*See, e.g.*, Docs. 1-6, 9-3, 10-6, 10-7, 10-13.)

Plaintiffs claim that their need to file was "urgent," and that they had no choice but to file the purportedly confidential documents first and seek leave to seal thereafter. (*See* App. at 7.) The Court rejects that argument. First, Plaintiffs could have described the contents of the State Bar complaints in their filings without attaching them as an exhibit. Second, Plaintiffs filed the State Bar complaints on the public docket *three times* over the course of seven days, conduct that is both at odds with the urgency Plaintiffs describe and

---

[1] Plaintiffs' Application is also procedurally deficient. A correct filing under Local Rule 79-5.2.2(a) should result in "[t]he declaration and the unredacted version of any document proposed for sealing [being] closed to public inspection." C.D. Cal. R. 79-5.2.2(a). Here, Plaintiffs filed every component of their Application on the public docket. To the extent that Plaintiffs purposely disregarded that part of the Rule, their decision to do so further cuts against their argument that compelling reasons exist to seal the State Bar complaints at issue. Additionally, the document Plaintiffs seek to seal in the instant Application is also an exhibit (in excerpted form (*see* Doc. 1-11)) to their original complaint, which, although it had been stricken for substantive reasons, remains available on the public docket. For some reason, Plaintiffs fail to ask the Court to seal also Document 1-11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:20-cv-00889-JLS-DFM | Date: May 28, 2020 |
| Title: Intermarketing Media, LLC et al. v. Brent David Barlow et al. | |

undercuts their argument that they could not have submitted an application to seal in advance.  Third, as the Court stated in its Order (Doc. 15) denying Plaintiffs' *ex parte* application for a temporary restraining order, much of the conduct Plaintiffs complain of in this case transpired over the course of the last nine months, meaning that Plaintiffs' need to file their application for a temporary restraining order *at the time at which they chose to file it* was not urgent.  In sum, Plaintiffs did have time to seek leave of Court to file the document at issue under seal before filing it on the public docket.

      Accordingly, the Court DENIES Plaintiffs' Application.

Initials of Preparer:  tg