UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00889-JLS-DFM                                              Date: July 07, 2020
Title: Intermarketing Media, LLC et al. v. Brent David Barlow et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

　　　　Not Present                                                         Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER DENYING PLAINTIFFS' SECOND *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER (Doc. 27)**

　　　　Before the Court is a second *Ex Parte* Application for Temporary Restraining Order against Defendant Brent David Barlow and Defendant entities associated with him filed by Plaintiffs Intermarketing Media, LLC dba Resort Advisory Group, Law Offices of David Alan Klein, and David Alan Klein, Esq.  (App., Doc. 27.)  Defendant Brent David Barlow opposed.[1]  (Opp., Doc. 28.)  The Court previously denied Plaintiffs' almost identical *ex parte* application for a temporary restraining order but ordered the parties to show cause why a preliminary injunction should not issue, setting a hearing on the order to show cause for August 21, 2020, at 10:30 a.m.  (Doc. 15.)  Having considered the parties' new papers, the Court DENIES Plaintiffs' second Application.

　　　　First, insofar as Plaintiffs' submission was intended to *supplement* their original *ex parte* application, it was filed in violation of the Court's May 22, 2020 Order (Doc. 15), in which the Court advised the parties that no additional submissions would be permitted absent a written order from the Court other than as permitted therein—*i.e.*, other than an opposition to and reply in support of Plaintiffs' original *ex parte* application ahead of the August 21, 2020 hearing on a preliminary injunction.  Second, if intended to *supplant* their original application, Plaintiffs' instant Application fails for the reasons the Court set forth in denying their first application, namely that much of the conduct Plaintiffs

---

[1] Once again, Defendant Barlow purports to respond on behalf of himself and other named defendants.  (Opp. at 1.)  The court questions the veracity of this representation and notes that, this time, the Application is not directed at all of the defendants on whose behalf Barlow claims he is responding.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:20-cv-00889-JLS-DFM                                      Date: July 07, 2020
Title: Intermarketing Media, LLC et al. v. Brent David Barlow et al.

complain of occurred over the course of the last now-eleven months, belying Plaintiffs' claim of irreparable harm requiring *emergency* relief.  In other words, this renewed application does not undo Plaintiffs' delay.  Third, regardless of Plaintiffs' intent in filing the instant Application, the Application reads like a motion for reconsideration of the Court's order denying their first application.  Yet, Plaintiffs' renewed application is substantively identical to their previous application, other than a single piece of "new" evidence Plaintiffs have uncovered since their original filing.  That is not enough.  Nor is it really "new," for this evidence is simply another instance of the conduct Plaintiffs covered in their original application.

　　　　Plaintiffs' Application is therefore DENIED.  Further disregard of the Court's orders will result in sanctions to the offending parties and their attorneys.

　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Preparer:  mku