UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 20-00889-JLS-DFM　　　　　　　　　　　　　　　Date: November 04, 2021
Title: Intermarketing Media, LLC et al v. Brent David Barlow et al

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

　　Deborah Lewman　　　　　　　　　　　　　　　　N/A
　　Deputy Clerk　　　　　　　　　　　　　　　　Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:　　ATTORNEYS PRESENT FOR DEFENDANT:
　　　　Not Present　　　　　　　　　　　　　　　　Not Present

**PROCEEDINGS:　(IN CHAMBERS)　ORDER GRANTING DEFENDANTS'
　　　　　　　　　　MOTION FOR ATTORNEY FEES (Doc. 140)**

　　Before the Court is Defendants' Motion for Attorney Fees. (Mot., Doc. 140.) Plaintiffs opposed and Defendant replied. (Docs. 147, 148.) The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for **November 5, 2021 at 10:30 a.m**., is VACATED. Having considered the pleadings, the parties' briefs, and for the reasons stated below, the Court GRANTS the Motion.
　　On May 4, 2021, the Court granted in part Defendants' anti-SLAPP Motion to Strike. (*See* Order Granting in Part and Denying in Part Anti-SLAPP Motion to Strike, Doc. 119, at 14.) Defendants filed the present motion seeking attorney fees for the work completed in support of the anti-SLAPP Motion. (Mot.) Defendants request a total of $25,920.00 in fees for work related to the anti-SLAPP Motion and to this fee motion. (Reply, Doc. 148, at 4.) Defendants submit $19,530 in fees for prevailing on their anti-SLAPP Motion to Strike, (Ex. 1 to Delman and Vukmanovic Decls., Doc. 140-1, at ECF 13), and an additional $6,390 for the preparation of the present fee motion and reply. (Reply at 4 (citing Delman and Vukmanovic Decls.; Ex. 2 to Supp. Delman Decl., Doc. 148, at ECF 8).)
　　Per § 425.16, subdivision (c) of California Code of Civil Procedure, "a prevailing defendant on a special motion to strike shall be entitled to recover that defendant's

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 20-00889-JLS-DFM                                Date: November 04, 2021
Title: Intermarketing Media, LLC et al v. Brent David Barlow et al

attorneys' fees and costs." Cal. Code Civ. Proc. § 425.16(c), as amended by 2021 Cal. Legis. Serv. Ch. 615 (A.B. 474) (2021). "[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). Such an award may be appropriate even where a defendant achieves only partial success. *See, e.g., Fremont Reorganizing Corp. v. Faigin*, 198 Cal. App. 4th 1153, 1177 (2011); *City of Indus. v. City of Fillmore*, 198 Cal. App. 4th 191, 218 (2011), *as modified* (Aug. 24, 2011).

      The Court concludes, and Plaintiffs do not contend to the contrary, that as the prevailing party on the anti-SLAPP Motion to Strike, Defendants are entitled to fees. Plaintiffs argue only that Defendants' motion for fees should be denied or reduced because "the anti-SLAPP motion provided no practical benefit that [Defendants] could not (and did not) achieve by their first-filed 12(b)(6) motion." (Opp., Doc. 147, at 3.) Plaintiffs contend that the evidence presented for the anti-SLAPP motion is identical to the evidence previously submitted with Defendants' 12(b)(6) motion as was the "Summary of Background Facts" in each motion. Further, Plaintiffs argue that because the Court dismissed the relevant causes of action as a matter of law, Defendants' time billed for preparing declarations was unnecessary. (*Id.* at 3-4.)

      Plaintiffs' arguments are unavailing. A "plaintiff should not be permitted to avoid imposition of attorneys' fees for a motion to dismiss when the factual and some of the legal bases for the claims are inextricably intertwined" with those presented in an anti-SLAPP motion. *Kearney v. Foley and Lardner*, 553 F. Supp. 2d 1178, 1184 (S.D. Cal. 2008). "All expenses incurred on common issues of fact and law qualify for an award of attorneys' fees under the anti-SLAPP statute and those fees need not be apportioned," so long as there are legal theories that are "inextricably intertwined." *Id.* This is the case here. Indeed, Plaintiffs' Opposition states "[t]he heart of each motion was the same: sub-arguments on why each of the three types of communications at issue – demand letters, criminal complaints, and state bar complaints – were 'privileged' (in the 12(b)(6) motion) or 'protected' (in the anti-SLAPP motion, using the central term of the anti-SLAPP statute." (Opp. at 3-4.) "The litigation privilege was argued more extensively in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 20-00889-JLS-DFM  Date: November 04, 2021
Title: Intermarketing Media, LLC et al v. Brent David Barlow et al

12(b)(6) motion, but the anti-SLAPP statute depended on the same argument, and the Court's ruling partially granting the anti-SLAPP motion was based on the litigation privilege (applying it to two of the three categories of communications)." (*Id.* at 4 (citations omitted).) Thus, Plaintiffs concede that the legal bases for the 12(b)(6) motion and the anti-SLAPP motion are inextricably intertwined, and therefore, "all reasonable attorneys' fees associated with the entirety of defendants' motion to strike will be awarded." *Kearney*, 553 F. Supp. 2d at 1184.

Plaintiffs also challenge the reasonableness of Defendants' fees. (Opp. at 4.) Defendants are limited to "reasonable fees," as framed by reasonable hours spent compensated by a reasonable hourly rate. *See Ketchum*, 24 Cal. 4th at 1131-32; *Serrano v. Priest*, 20 Cal.3d 25, 48 (1977). Despite Plaintiffs' contentions to the contrary, the Court has reviewed the rates submitted by Defendants and concludes they are reasonable. A rate of $450 per hour is customary and reasonable for attorneys of Delman and Vukmanovic's experience. Moreover, the Court has also reviewed the declarations and individual bill entries and finds that the hours spent on the anti-SLAPP motion and the fees motion were reasonable. (*See* Ex. 1 to Delman and Vukmanovic Decls., at ECF 9-13; Ex. 2 to Delman Supp. Decl., at ECF 8.) However, as the Court did not hold a hearing on this fees motion, the Court does not award fees for the three hours attributable to a hearing.

Defendants Motion is GRANTED. Plaintiffs Intermarketing Media, LLC dba Resort Advisory Group, Law Offices of David Klein, and David Alan Klein, Esq. are to pay Defendants $24,570.00 within fifteen (15) days of this Order.

Initials of Deputy Clerk: djl